MARY EILEEN KILBANE, P.J., DISSENTING:
{¶ 38} I respectfully dissent. I would not find appellate counsel ineffective for not arguing on appeal that trial counsel was ineffective by not filing a motion to dismiss the felonious assault count on statute of limitation grounds.
{¶ 39} This long delayed prosecution of a sex crime case has a lengthy appellate procedural history, dating back to March 2016 when Asadi-Ousley filed his direct appeal, which was affirmed in part and reversed in part. On reconsideration by the state, we then affirmed Asadi-Ousley's original conviction and sentence. The focus of these appeals was the merger of the kidnapping and rape charges, not the statute of limitations.
{¶ 40} We also granted Asadi-Ousley's pro se application to reopen his direct appeal, limiting the reopening to the issue of whether appellate counsel was ineffective. After granting the reopening, Asadi-Ousley appealed to the Ohio Supreme Court in October 2017, which stayed his reopening until the supreme court declined jurisdiction in February 2018.
{¶ 41} Prior to Asadi-Ousley's pro se application for reopening, the statute of limitations issue was never raised. It was never raised by anyone at the trial court level. It was also not raised by anyone on direct appeal - appellate counsel, the state, or this court. Again on reconsideration, the statute of limitations argument was never raised by appellate counsel, the state, or this court. Given that this case has been reviewed twice by this court and even before the Ohio Supreme Court, I *528 will not find that appellate counsel was ineffective.